

RECEIVED
CR
4/20/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, | Case No. **1:22-CV-02059** _____ |
| *Plaintiff,* | |
| vs. | **COMPLAINT FOR DAMAGES** |
| VIVACHE PAYMINT, LLC, d/b/a PRIME LEGAL, RUSSELL ALLAN NOE, and AUSTIN HOFFMAN | JUDGE BUCKLO MAGISTRATE JUDGE CUMMINGS |
| *Defendants.* | |

Plaintiff, Jorge Alejandro Rojas, ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, its implementing regulations, the Illinois Telephone Solicitations Act, and the Illinois Automatic Telephone Dialers Act, against Defendants Vivache Paymint, LLC, d/b/a Prime Legal ("Prime Legal"), Russell Allan Noe ("Noe"), and Austin Hoffman ("Hoffman") ("Defendants") and alleges based on personal knowledge and information and belief, as follows:

### INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, its implementing regulations, 47 C.F.R § 64.1200, the Illinois Telephone Solicitations Act ("ILTSA"), 815 ILCS 413, and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls, despite not having the required consent to do so, to solicit business leads for law firms for product liability and sexual assault claims.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants as it regularly and systemically conducts business in the state of Illinois. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made.

6. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

9. Defendant VIVACHE PAYMINT, LLC, doing business as Prime Legal ("Prime Legal") is an Indiana company, with principal place of business of 10999 Stahl Road, Newburgh, IN, 47630, and a registered agent of Austin Hoffman at the same address.

2

10. Defendant Russell Allan Noe ("Noe") is a member of Prime Legal and located at the same address.

11. Defendant Austin Hoffman ("Hoffman") is a member of Prime Legal and located at the same address.

12. Defendants Noe and Hoffman are referred to as "Individual Defendants."

13. Individual Defendants owned, operated, and were officers, employees, and/or agents of Prime Legal. At all material times referenced herein, Individual Defendants participated in the conduct that was directed at Plaintiff. The acts and omissions performed by Individual Defendants giving rise to liability in this matter were directed at this District.

14. Defendants are each a person as defined by 47 U.S.C. § 153(39).

15. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## **STATUTORY BACKGROUND**

16. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

17. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

18. The TCPA makes it unlawful to receive more than one telephone call which violates the TCPA regulations "Do Not Call" provisions. *See* 47 C.F.R. § 64.1200(c)(2).

19. The TCPA provides a private cause of action to persons who receive such "Do Not Call" calls. *See* 47 U.S.C. § 227(c)(5)(B).

20. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

21. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

22. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

23. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist.

LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

24. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

25. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

26. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

27. In Illinois, the ATDA prohibits tampering or interfering with the functions of Caller ID. 815 ILCS 305/15(d).

28. The TCPA's implementing regulations require that telemarketers identify who they are calling on behalf of. 47 C.F.R. § 64.1200(d)(4).

29. The TCPA's command for a private right of action at times causes Defendants to imagine a world where the law "limits the right to sue under the TCPA to those who are ignorant of their right to sue under the TCPA." *See Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d. 1187, 1196 (M.D. Tenn. 2017).

## FACTUAL ALLEGATIONS

30. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

31. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

32. Plaintiff is the account holder and customary user of his phone number.

33. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

34. Plaintiff registered his phone number on the Do Not Call Registry in order to obtain solitude from invasive and harassing telemarketing calls. The call prevented Plaintiff from using his phone for legitimate purposes.

35. References to a call from Defendants refers to a call from Defendants, or a call made by its affiliate, partner, or other entity having the authority to market services Defendants sell.

36. **Call 1.** On or about April 19, 2022, at 1:24 PM Chicago time, Plaintiff received a telephone call from Defendants, from 209-432-7812. **Exhibit 2.**

37. Plaintiff missed Call 1.

38. **Call 2.** On or about April 19, 2022, at 1:29 PM Chicago time, Plaintiff received a telephone call from Defendants, from 209-432-7812. **Exhibit 3.**

39. Plaintiff missed Call 2.

40. Plaintiff called back the telephone number on April 19, 2022, at 4:03 PM, and spoke with a "Karin" from the "Medical Compensation Department." Karin stated that they were seeking individuals who had used Roundup products and were then diagnosed with cancer. Karin transferred Plaintiff to a "Tony Wilson."

41. Tony Wilson stated that a member of the staff would contact Plaintiff.

42. **Call 3.** On or about April 19, 2022, at 4:28 PM Chicago time, Plaintiff received a telephone call from Defendant, from 786-802-4222. **<u>Exhibit 4.</u>**

43. During the telephone call, Plaintiff spoke with a "Shawn" who stated that he worked for "Prime Legal" and was following up concerning the above calls. Shawn stated a member of the staff would contact Plaintiff if they believed his claim for Roundup compensation was with merit.

44. The caller provided a call back number of 786-802-4222 and texted Plaintiff "Hi."

45. Upon information and belief, the above telephone number is a "TextNow" number, because when Plaintiff called it back on April 20, 2022, the answering message service stated so.

46. **Call 4**. On or about April 19, 2022, at 5:19 PM Chicago time, Plaintiff received a telephone call from Defendants, from 601-274-5443. **<u>Exhibit 5.</u>**

47. During the telephone call, Plaintiff heard a long pause at the beginning, longer than a natural person would wait following a greeting to begin speaking, followed by a "Sam" stating he was working with the "Sexual Abuse Claims" department.

48. Plaintiff was asked about whether he had ever been sexually abused by a priest or school teacher. Sam stated that a member of the staff would contact him.

49. **Call 5**. On or about April 19, 2022, at 5:36 PM Chicago time, Plaintiff received a telephone call from Defendants, from 601-201-7532. **<u>Exhibit 6.</u>**

50. Plaintiff missed Call 5, but attempted to call back the caller, and was unable to because the number is disconnected.

51. **Call 6**. On or about April 19, 2022, at 5:37 PM Chicago time, Plaintiff received a telephone call from Defendants, from 601-279-1986. **<u>Exhibit 7.</u>**

52. Plaintiff missed Call 6, but attempted to call back the caller, and was unable to because the number is disconnected.

53. The above calls were made by Prime Legal or one of its affiliates, with the intention of soliciting services of law firms to pursue claims regarding product liability and sexual abuse. Prime Legal would connect the caller and provide a lead to a law center that would work the legal claim. Prime Legal would make a commission from the lead.

54. The above calls were made in quick succession, on the same day, and regarding the same kind of services being sought, and therefore Plaintiff alleges that they were made by the same entity.

55. Defendants masked their telephone number to not reveal its true telephone number in Call 5 and 6.

56. During the telephone calls, the callers repeatedly asked Plaintiff where he found out about the organization calling, and the callers mentioned Facebook and TV ads, notwithstanding the fact Plaintiff has never interacted with Defendants via Facebook or TV ads, nor provided any consent to call.

57. During the calls, Plaintiff never provided consent to the continued calling with the use of an ATDS.

58. The conduct alleged in this action was made willful and knowingly, for reason including that the caller did not identify himself by name or entity, in order to obfuscate who they were, and the use of Caller ID masking.

59. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

60. Defendants did not have any consent to call Plaintiff.

61. Defendants are not an organization exempt from the TCPA.

62. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

63. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

64. Upon information and belief, Plaintiff received additional calls from Defendants and its affiliates not included above.

65. Plaintiff alleges that Defendants train its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

66. The impersonal and generic nature of Defendants' call demonstrate that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

67. In total, Defendants and/or its affiliates placed at least six (6) solicitation calls to Plaintiff.

68. Individual Defendants are liable under the TCPA as they are collecting the leads from the telemarketing scheme and earning a commission on any sales or purchases made.

69. Individual Defendants would each profit from any transaction arising from the telemarketing scheme. Individual Defendants exercised control of the scheme and were knowledgeable of it.

70. Employees can be held liable in TCPA actions for unlawful conduct.

71. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

72. Defendants have a pattern and/or practice of failing to comply with the TCPA, the IL Telephone Solicitations Act, and the IL Automatic Telephone Dialers Act.

73. The foregoing acts and omissions were in violation of the TCPA, the IL Telephone Solicitations Act, and the IL Automatic Telephone Dialers Act.

74. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

75. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

76. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

77. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

78. Plaintiff seeks injunctive relief prohibiting conduct violating the TCPA by Defendants.

79. Plaintiff is also entitled to an award of costs.

80. Defendants' calls were not made for "emergency purposes."

81. Defendants' calls to Plaintiff were made without any prior express written consent.

82. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

83. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

84. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

85. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

86. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants' and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

87. To the extent Defendants outsourced its illegal robocalling to outside entities Defendants is still liable for calls that violate the TCPA.

### **COUNT 1.**
### Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

88. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

89. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least six (6) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

90. Plaintiff was statutorily damaged at least six (6) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

91. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $9,000.00 plus costs and any other remedy deemed appropriate.

**COUNT 2.**

Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

92.  Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

93.  Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

94.  Defendants called Plaintiff's telephone at least six (6) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

95.  Plaintiff was statutorily damaged at least six (6) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the six (6) telephone calls.

96.  Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $9,000.00 plus costs and any other remedy deemed appropriate.

**COUNT 3.**

<u>Violations of The Illinois Telephone Solicitations Act, 815 ILCS 413</u>

97. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

98. The Illinois Telephone Solicitations Act, inter alia, prohibits the making of a call in a manner which impedes the function of caller ID. 815 ILCS 413/15(c).

99. The Illinois Telephone Solicitations Act allows for the recovery of three times the actual damages assessed for a violation of the Act.

100. Each call Defendants made which impeded the function of caller ID by utilizing a fake or blocked phone number violates the IL Telephone Solicitations Act.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of three times actual damages plus costs and any other remedy deemed appropriate.

## **<u>COUNT 4.</u>**
<u>Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1</u>

101. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

102. The ATDA prohibits impeding the function of Caller ID.

103. Defendants or one of its affiliates or vendors impeded the function of caller ID.

104. The ATDA allows for the recovery of statutory damages of $500 per violation.

105. Defendants violated the Caller ID provisions each time it masked its caller ID, at least twice.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,000.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against

Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least

$19,000.00 as permitted by statute, as follows:

A.  All actual damages Plaintiff suffered;

B.  Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. §
    227(b);

C.  Treble damages of $1,500.00 per call for each violation determined to be willful and/or
    knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D.  Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C.
    § 227(c)(5)(B);

E.  Treble damages of $1,500.00 per call for each violation determined to be willful and/or
    knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F.  Statutory damages of $500 per violation for violations of the Illinois Automatic Telephone
    Dialers Act;

G.  All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest,
    and other litigation costs incurred by Plaintiff;

H.  Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

I.  Leave to amend this Complaint to conform to the evidence presented at trial; and

J.  Any other relief this Court deems proper.

/ / /

Respectfully submitted,

Dated: April 20, 2022

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

15

# EXHIBIT 1

# EXHIBIT 1

Case: 1:22-cv-02059 Document #: 1 Filed: 04/20/22 Page 17 of 29 PageID #:17

 Gmail

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>     Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2

# EXHIBIT 2



# Scam Likely

+1 (209) 432-7812
Twain Harte, CA

 message     call     video     mail     pay

**Yesterday**

13:24  **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

# EXHIBIT 3

# EXHIBIT 3



# Scam Likely

+1 (209) 432-7812
Twain Harte, CA

| message | call | video | mail | pay |
|---------|------|-------|------|-----|

**Yesterday**

13:29 **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

# EXHIBIT 4

# EXHIBIT 4





# +1 (786) 802-4222

North Miami Beach, FL

    

| message | call | video | mail | pay |

---

**Yesterday**

**16:28  Incoming Call** ☑
18 minutes

Calls with a checkmark have been verified by the carrier.

---

Share Contact

Create New Contact

Add to Existing Contact

---

Add to Emergency Contacts

---

Share My Location

---

Block this Caller

---

    

| Favorites | Recents | Contacts | Keypad | Voicemail |

160

# EXHIBIT 5

# EXHIBIT 5

< Recents



SL

# Scam Likely
+1 (601) 274-5443
Quitman, MS


message


call


video

mail


pay

Yesterday

17:19 **Incoming Call**
11 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller


Favorites


Recents


Contacts


Keypad


Voicemail 160

# EXHIBIT 6

# EXHIBIT 6





# Scam Likely

+1 (601) 201-7532
Jackson, MS

    

| message | call | video | mail | pay |

Yesterday
17:36  **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

Favorites   Recents   Contacts   Keypad   Voicemail   160

# EXHIBIT 7

# EXHIBIT 7



# Scam Likely
+1 (601) 279-1986
Vicksburg, MS

 message  call  video  mail  pay

Yesterday
17:37  **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

